**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

SEP 0 5 2006

CLERK, U.S. ...
ANCHORAGE, ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>    Plaintiff - Appellee,<br><br>and<br><br>REMTECH INC., Ex Rel,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCIANO ENTERPRISES, LLC; et al.,<br><br>    Defendants - Appellants,<br><br>and<br><br>EDWIN NEGRON LUCIANO; et al.,<br><br>    Defendants. | No. 05-35298<br><br>D.C. No. CV-01-00309-A-JWS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

---

    *   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 26, 2006**
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

Luciano Enterprises, LLC, dba LG General Contractors ("LG") and Albert Maffei appeal several pretrial orders in favor of Remtech, Inc. and Lumbermens Mutual Casualty Co. ("Lumbermens"). We dismiss as to some aspects of the appeal and affirm as to others.

1. Neither Remtech nor its counsel were listed on the representation statement LG and Maffei filed with the district court, as required by Federal Rule of Appellate Procedure 12(b) and Ninth Circuit Rule 3-2. Also, Remtech was not served with a notice of appeal nor, apparently, has it been served with any other documents in this appeal. Not surprisingly, Remtech has not filed any briefs or otherwise participated in this appeal.

When a party affected by an appeal is not brought before the court in accord with the applicable rules, we will not address the merits of the appeal. *See Interstate Oil Co. v. Gormley*, 105 F.2d 431, 432 (9th Cir. 1939). Accordingly, we dismiss the appeal as to the district court's order granting summary judgment in

---

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

favor of Remtech on LG's counterclaims and denying LG leave to amend its counterclaims against Remtech. *See id.* at 434.

2. The district court was within its discretion to permit Lumbermens to amend its complaint out of time while initially denying LG and Maffei leave to amend their counterclaims against Lumbermens. The record supports the conclusion that there was good cause for the amendment, as required by Federal Rule of Civil Procedure 16(b), because LG and Maffei had raised new defenses to Lumbermens' claims. No such good cause originally existed for LG's and Maffei's amendments. Moreover, LG and Maffei were ultimately able to file their amendments in response to Lumbermens' amended complaint, so any error was harmless.

3. The district court properly granted summary judgment on LG's and Maffei's counterclaims against Lumbermens, which alleged that: (1) Lumbermens breached its duty to investigate claims against LG prior to issuing the bond; and (2) Lumbermens tortiously interfered with LG's contract with the United States government.

LG and Mafei offers no Alaska authority to support their novel contention that Lumbermens had a duty to LG, the secured party, and to Maffei, the indemnitor, to investigate claims against LG before issuing the payment and

performance bond. Instead, LG and Maffei cite only cases establishing a general duty of good faith and fair dealing implied in every contract. *See, e.g., Loyal Order of Moose, Lodge 1392 v. Int'l Fid. Ins. Co.*, 797 P.2d 622 (Alaska 1990). These cases are irrelevant to the question whether Lumbermens had a duty to investigate claims, a requirement that would go well beyond the requirements of good faith and fair dealing. Moreover, no evidence of bad faith on Lumbermens' part has been shown.

LG and Maffei submitted no evidence tending to establish that the government breached its contract with LG, rather than rightfully cancelling it for LG's failure to perform. *See Geolar, Inc. v. Gilbert/Commonwealth Inc. of Mich.*, 874 P.2d 937, 940 (Alaska 1994). Nor did LG and Maffei provide evidentiary support for their allegation that the cancellation of the contract was "engendered" by Lumbermens' conduct, wrongful or otherwise. *See id.* In fact, the letters from Lumbermens to the government contracting authority, the sole evidence on which LG and Maffei rely, establish that Lumbermens was careful to state that it was not requesting cancellation of the contract.

4. Finally, whether or not the district court was within its discretion in making the challenged evidentiary rulings—refusing to admit Exhibit 83 and refusing to allow LG and Maffei to call certain witnesses—LG and Maffei have

failed to establish that they were prejudiced by these rulings. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004) (evidentiary rulings may be reversed only on a showing of *both* error *and* prejudice). The disputed exhibit was ultimately entered into evidence for a limited purpose, and LG and Maffei have offered no argument as to how they were prejudiced by the failure to admit it for its truth.

Moreover, witnesses Cashin and Heller were beyond the subpoena power of the court. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) (subpoena of witness to testify at proceedings more than 100 miles from place of residence may be quashed on motion to the court). LG and Maffei have offered no indication that these witnesses had agreed to testify, so the district court's refusal to allow them to be called was harmless.

Accordingly, we dismiss the appeal with respect to the counterclaims against Remtech and affirm the challenged decisions of the district court in all other respects.

DISMISSED in part and AFFIRMED in part.

COSTS TAXED

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 3 1 2006

by: Ruben Talavera
Deputy Clerk

5